UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
Devorah Ravitz, individually and on behalf of all
others similarly situated;

                      Plaintiff,

       -against-

Experian Information Solutions, Inc.,
AmeriCredit Financial Services, Inc.,
d/b/a GM Financial,
and John Does 1-25.

               Defendant(s).
------------------------------------------------------------------------x

Civil Action No: 7:19-cv-10908

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## **COMPLAINT**

Plaintiff Devorah Ravitz ("Plaintiff"), a New York state resident, brings this Class Action Complaint by and through her attorneys, and as and for her Complaint against Defendants Experian Information Solutions, Inc. ("Experian") and AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

5. Plaintiff is a resident of the State of New York, residing at 34 Brewer Road, Monsey, NY, 10952.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of New York, and may be served with process upon CT Corporation, its registered agent for service of process at 28 Liberty Street, New York, NY, 10005.

8. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant AmeriCredit Financial Services, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address for service in New York c/o Corporation Service Company, at 80 State Street, Albany, NY, 12207.

11. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. 13. The Class consists of:

    a. all individuals with addresses in the New York;

    b. for whom GM Financial continued to report a duplicative debt to the credit bureaus (defined as but not limited to Experian, Experian and Trans Union);

    c. despite being notified of the account being reported twice on a single report;

    d. for which these accounts were being reported on a consumer's credit report within five (5) years prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant GM Financial double reporting of a single account, as well as Experian's failure to recognize this information and update it properly upon being made known by consumers, as well as Experian's failure to have systems and policies in place to recognize and correct this issue on their own.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' reporting of duplicative tradelines, and failure to delete timely upon a dispute violate 15 U.S.C. § l692n and §1692o.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

       number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

22. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Experian Dispute and Violation

25. On information and belief, on a date better known to Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate information regarding a GM Financial debt.

26. The inaccurate information furnished by Defendant GM Financial and published by Defendant Experian is inaccurate since the GM Financial debt was being reported twice on the Plaintiff's credit report, making it appear as two discount liabilities.

27. Defendant Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff notified Experian that she disputed the accuracy of the information Experian was reporting, on or around April 10, 2019 specifically stating in a letter that she was disputing these accounts appearing on her report, since the reporting is duplicative and one account must be removed.

29. It is believed and therefore averred that Defendant Experian notified Defendant GM Financial of Plaintiff's dispute.

30. Upon receipt of the dispute of the account from the Plaintiff by Experian, GM Financial failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts, including the full tradeline with the negative reporting.

31. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Experian did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. Notwithstanding Plaintiff's efforts, Defendant Experian sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

33. As of the date of the filing of the filing of this Complaint, Defendant GM Financial continues to furnish credit data which is inaccurate and materially misleading, and

Defendant Experian's reporting of the above-referenced trade lines continue to be inaccurate and materially misleading.

34. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

35. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

38. Experian violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

39. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

41. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

42. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Devorah Ravitz, individually and on behalf of herself and all others similarly situated, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **SECOND CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Experian)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

44. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

45. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

46. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

47. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

48. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

49. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Devorah Ravitz, individually and on behalf of herself and all others similarly situated, demands judgment in her favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to GM Financial)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

51. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

52. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

53. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

54. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

55. The Plaintiff dispute clearly stated in her dispute the issue regarding the duplicative reporting and the reports speak for themselves in regards to evidence for the dispute.

56. The Defendant GM Financial violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

57. Specifically, the Defendant GM Financial continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the same debt being reported twice on the report.

58. As a result of the conduct, action and inaction of the Defendant GM Financial, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit,

and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

59. The conduct, action and inaction of Defendant GM Financial was willful, rendering Defendant GM Financial liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

60. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant GM Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Devorah Ravitz, individually and on behalf of all others similarly situated, demands judgment in her favor against Defendant, GM Financial, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to GM Financial)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

62. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

63. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

64. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

65. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

66. Defendant GM Financial is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

67. After receiving the Dispute Notice from Experian, Defendant GM Financial negligently failed to conduct its reinvestigation in good faith.

68. A reasonable investigation would require a furnisher such as Defendant GM Financial to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

69. The conduct, action and inaction of Defendant GM Financial was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

70. As a result of the conduct, action and inaction of the Defendant GM Financial, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant GM Financial in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Devorah Ravitz, individually and on behalf of all others similarly situated, demands judgment in her favor against Defendant, GM Financial, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

72. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Devorah Ravitz, individually and on behalf of all others similarly situated, demands judgment from Defendants Experian and GM Financial as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and David Force, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  November 25, 2019

/s/ David Force
**Stein Saks, PLLC**
By:  David Force
dforce@steinsakslegal.com
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500 ext.

Case 7:19-cv-10908-VB    Document 1    Filed 11/25/19    Page 16 of 16